IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 7 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| SIMON JAIMES, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| DOVENMUEHLE MORTGAGE, INC.; | § |
| UNITED WESTERN BANK, INC. d/b/a | § |
| MATRIX CAPITAL BANK; SELIM | § |
| TAHERZADEH; BRICE VANDER | § |
| LINDEN & WERNICK, P.C.; | § |
| RICHARD R. and MARGARET | § |
| SOLOMON, | § |
| | § |
| Defendants. | § |

CIVIL ACTION NO. B-07-186

## OPINION & ORDER

BE IT REMEMBERED that on February 27, 2008, the Court considered Plaintiff's Motion for Remand, Dkt. No. 5, Defendant Dovenmuehle Mortgage, Inc.'s Response to Plaintiff's Motion for Remand, Dkt. No. 7, and Plaintiff's Reply Brief in Support of Motion to Remand, Dkt. No. 8.

## I.    Background

This case arises out of a dispute between Simon Jaimes ("Plaintiff") and Dovenmuehle Mortgage Inc. ("Dovenmuehle") regarding the collection of mortgage payments allegedly owed by Jaimes to Dovenmuehle.   Plaintiff filed suit against Defendants Dovenmuehle, United Western Bank, Inc. d/b/a Matrix Capital Bank, Selim Taherzadeh, Brice Vander Linden & Wernick, P.C., Richard R. Solomon, and Margaret Solomon in the 357th Judicial District Court in Cameron County, Texas, and alleged causes of action for (1) negligent misrepresentation; (2) intentional misrepresentation or fraud; (3) fraud by nondisclosure; and (4) violations of the Texas Deceptive Trade Practices

Act ("TDTPA"), TEX. BUS. & COM. CODE § 17.01 *et seq.*. Dkt. No. 1, Ex. A at 10–14. Dovenmuehle filed its Answer in state court and subsequently filed a timely Notice of Removal. *See* Dkt. No. 1. Dovenmuehle maintained that Plaintiff's Original Petition[1] asserted a claim that arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and therefore, the instant action is removable under 28 U.S.C. § 1441(b) because this Court has original jurisdiction over the matter. *Id.* at 2–4. Specifically, Dovenmuehle averred that Plaintiff had stated a cause of action under the FDCPA in Paragraph 21 of Plaintiff's petition, which includes the sentence "The letter [identified by Dovenmuehle as "Fair Debt Collection Practices Act Notification"] did not state in clear terms the name of the creditor to whom the debt was owed, contrary to 15 U.S.C. § 1692g(a)." Dkt. No. 1, at 2–3. *See* Dkt. No. 1, Ex. A at 6.

In Plaintiff's motion and reply brief *sub judice*, Plaintiff requests that the Court remand the matter to the state judicial district court in which it was originally filed. Dkt. No. 5. Plaintiff maintains that he did not, and does not, intend to assert a claim or seek damages pursuant to the FDCPA, despite Dovenmuehle's assertion to the contrary. *Id.* at 1–3. Instead, Plaintiff states that the contents of the letter referenced in Paragraph 21 are applicable to his claims because they misled him, thereby partly[2] forming the basis for his state law claims for misrepresentation, fraud, and violations of the TDTPA. *Id.* at 2. Plaintiff maintains that "[t]he fact that defendants' letter failed to comply with a portion of the FDCPA is purely incidental to the gravamen of plaintiff's complaint and has nothing to do with the grounds upon which plaintiff sues. Defendant may have failed to name clearly the current holder of the note, but that is not why plaintiff is suing. Plaintiff is suing because defendants misled him. And it was the deception that caused [Plaintiff] harm." Dkt. No. 8, at 3. Plaintiff also maintains that the sentence at issue in Paragraph 21 was a "simple" and "fleeting" reference to the FDCPA, and it did not state a cause of action.

---

[1]Because Plaintiff originally filed suit in Texas state court, his initial pleading is entitled "Original Petition" rather than a complaint.

[2]Plaintiff has asserted that the contents of numerous letters from Dovenmuehle give rise to his state law claims. *See generally* Dkt. No. 1, Ex. A at 4–10.

*Id.* at 3, 4. Overall, Plaintiff claims that he did not plead a federal cause of action, does not seek damages pursuant to the FDCPA, nor does a federal law form an essential element of his well-pleaded causes of action. Dkt. Nos. 5, 8.

Dovenmuehle's opposition to Plaintiff's motion to remand focuses on the well-pleaded complaint rule. Dkt. No. 7. Dovenmuehle avers that federal jurisdiction exists because Plaintiff cites a federal statute and states that Dovenmuehle's conduct is "contrary to" that statute. *Id.* at 2. Dovenmuehle contends that the use of such language "expressly indicates [Plaintiff] is alleging [Dovenmuehle's] conduct violates federal law," and that "is the essence of making a federal claim." *Id.* Dovenmuehle also cites 15 U.S.C. § 1692k(d), which provides this Court with jurisdiction over any liability created by the FDCPA. *Id.* Additionally, Dovenmuehle notes that Plaintiff filed the instant suit exactly one year after the date of the letter at issue, which allowed Plaintiff to meet the one-year statute of limitation under the FDCPA. *Id.* at 3. Dovenmuehle also appears to assert that the Court may have jurisdiction over this matter because of supplemental jurisdiction under 28 U.S.C. § 1367(a), (c). *Id.*

## II.    Standard for Removal Based Upon a Federal Question

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a district court that is located in the division embracing the state court in which the action was initially filed. Additionally, any action over which district courts have original jurisdiction may be removed from state to federal court without regard to the citizenship of the parties. *Id.* at § 1441(b). Original jurisdiction extends to all civil actions "arising under the Constitution, laws, or treaties of the United States," which is commonly referred to as federal question jurisdiction. *Id.* at § 1331. In order for removal of an action to be proper, original jurisdiction must be maintained, *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995), and the party asserting federal jurisdiction bears the burden of establishing that such jurisdiction exists, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Because federal courts are courts of limited jurisdiction, removal jurisdiction must be strictly construed. *See* Christiason v. Merit Tex. Properties, L.L.C., 393 F.Supp.2d

435, 437 (N.D. Tex. 2005) (citing Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997)). As a result, any doubts as to whether federal jurisdiction exists must be resolved in favor of remand and against removal. *Christiason*, 393 F.Supp.2d at 437 (citing Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995); Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)).

Whether a federal question is presented in a suit is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). *See also* MSOF Corp. v. Exxon Corp., 295 F.2d 485, 490 (5th Cir. 2002); Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (5th Cir. 2001) (per curiam). "To bring a case within the [federal-question removal] statute, a right of immunity created by the Constitution or law of the United States must be an element, *and an essential one*, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936) (emphasis added). Thus, an aspect of a case that is not an essential part of a plaintiff's complaint, such as a federal defense, is not sufficient to create federal jurisdiction. *Id.* at 113; *MSOF Corp.*, 295 F.3d at 490.

Plaintiff is the master of his complaint and is able to choose which specific claims he wishes to assert. *Avitts*, 53 F.3d at 693. Accordingly, "[e]ven if a plaintiff has a federal cause of action, he 'may avoid federal jurisdiction by exclusive reliance on state law.'" *MSOF Corp.*, 295 F.3d at 490 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, the "artful pleading" exception to the well-pleaded complaint rule exists to prevent a plaintiff from avoiding federal jurisdiction by merely failing to plead a necessary federal question or artfully pleading a federal cause of action in terms of state law. *Rivet*, 522 U.S. at 475; *MSOF Corp.*, 295 F.3d at 490; *Terrebonne Homecare, Inc.*, 271 F.3d at 188; *Avitts*, 53 F.3d at 693. The artful pleading exception only applies when federal law completely preempts a field of state law. *Rivet*, 522 U.S. at 475; *MSOF Corp.*, 295 F.3d at 490; *Terrebonne Homecare, Inc.*, 271 F.3d at 188–89.

## III. Analysis

### A. *Federal Question Jurisdiction*

As previously discussed, Plaintiff requests that the Court remand this action to state court because Plaintiff has not plead a federal cause of action, and the Court lacks federal question subject matter jurisdiction as a result. *See* Background, *supra* §I. In response, Defendant Dovenmuehle contends that Paragraph 21 of Plaintiff's complaint asserts a federal cause of action because Plaintiff states that Dovenmuehle engaged in a practice that was "contrary to 15 U.S.C. § 1692g(a)." *Id.*; Dkt. No. 7, at 2. *See* Dkt. No. 1, Ex. A at 6.

In *Christiason v. Merit Texas Properties, L.L.C.*, Christiason filed a suit in state court and asserted claims for age and disability discrimination pursuant to Texas law. 393 F.Supp.2d at 436. Christiason attached his Equal Employment Opportunity Commission complaint to his state court petition and incorporated it by reference. *Id.* No references to federal law were included in his pleading. *Id.* Merit Texas Properties removed the case to federal court on the basis that Christiason's belief that the alleged discrimination he experienced was in violation of federal law was sufficient to create federal question jurisdiction. *Id.* The district court determined that the "mere reference to Title VII violations in the Plaintiff's EEOC charge" did not create federal jurisdiction, particularly when Christiason did not plead federal causes of action and expressly stated that he was only pursuing state law claims. *Id.* at 437–38. The court remanded the case to state court. *Id.* at 438.

In *Avitts v. Amoco Production Co.*, Avitts and others filed suit in state court to recover damages to their property as a result of Amoco's oil and gas operations. 53 F.3d at 692. Amoco removed the case from state to federal court on the basis that Avitts' complaint contained the following statement: "It is expected that the evidence will reflect that the damages caused by the Defendants are in violation of not only State law but also Federal law." *Id.* (quoting the plaintiff's petition). Avitts' complaint did not specify which federal laws he believed Amoco had violated, and the Fifth Circuit Court noted that, despite the "nebulous" reference to violations of federal law, the complaint "stated no cause of action which could be read to confer federal question jurisdiction on the district court." *Id.*

The court ultimately found that Avitts had chosen to pursue only state law remedies, the language at issue did not assert a federal cause of action, thus negating federal question jurisdiction, and the district court should have remanded the case to state court. *Id.* at 693.

In *Clulee v. Bayou Fleet Partnership, Ltd.*, state law claims, including trespass, nuisance, and state environmental law violations, were asserted against Bayou Fleet. No. 01-2899, 2001 WL 1471721, at *1 (E.D. La. Nov. 16, 2001). The petition also alleged that Bayou Fleet was attempting "to conceal the fact that Bayou Fleet was attempting to dispose of long-stored toxic wastes in a manner which might be in violation of St. Charles Parish zoning (not to mention state and federal environmental laws)." *Id.* at *1 (quoting the plaintiff's amended petition). The district court examined *Avitts*, and although it stated that Clulee's "reference to 'federal environmental laws' is arguably more specific than the complaint at issue in *Avitts*," Clulee's petition "fails to mention a particular law under which [Clulee and other plaintiffs] seek relief." *Id.* at *2. Thus, federal jurisdiction did not exist, and remand was appropriate. *Id.* at *4.

In the present case, the language which Dovenmuehle contends asserts a federal cause of action is arguably stronger than the language presented in either *Christiason*, *Avitts*, or *Clulee* because, unlike those cases, Plaintiff expressly identifies Dovenmuehle's conduct—omission of information in a letter—which he believes was "contrary to" a specific federal law, 15 U.S.C. § 1692g(a). Dkt. No. 1, Ex. A at 6. However, despite this, the Court determines that an examination of Plaintiff's detailed, seventeen page petition demonstrates that Plaintiff's claims are not founded upon Dovenmuehle's alleged incomplete compliance with 15 U.S.C. § 1692g(a). Instead, Plaintiff's claims are all based solely upon the allegedly misleading nature of the correspondence he received from Dovenmuehle and Dovenmuehle's actions that Plaintiff believes were inconsistent with its representations contained in its correspondence to Plaintiff. The one sentence in Paragraph 21 at issue is the only instance in Plaintiff's petition in which any kind of federal law is referenced. *See* Dkt. No. 1, Ex. A. Plaintiff takes four pages to assert his four state law causes of action, and no mention of federal law is made throughout any portion of that section. *See id.* at 10–14. Furthermore, Plaintiff does not ever state that he is seeking relief pursuant to any federal law or because of Dovenmuehle's conduct referred to in the

-6-

sentence at issue. Thus, as in *Clulee*, here Plaintiff "fails to mention a particular law under which Plaintiffs *seek relief*." *Clulee*, 2001 WL 1471721, at *2 (emphasis added). Additionally, similar to *Christiason* and *Avitts*, Plaintiff has expressly stated that he did not, and does not, ever intend to plead any federal causes of action. Dkt. Nos. 5, 8. The Court determines this disclaimer consistent with Plaintiff's petition.

The Court finds that Plaintiff's petition has not asserted a federal cause of action. To interpret Plaintiff's petition otherwise would, in effect, force Plaintiff to allege a federal cause of action that he did not actually intend to plead. Such action would be directly contrary to Plaintiff's authority to act as the master of his complaint. Furthermore, although the artful pleading doctrine was not asserted by any party as being applicable to this case, the Court determines that the instant action does not involve a field of state law that is completely preempted by federal law. Therefore, the artful pleading exception to the well-pleaded complaint rule does not apply to this action. Accordingly, the Court concludes that it does not have jurisdiction over this matter because Plaintiff's petition does not present a federal question.

## B.    Supplemental Jurisdiction

Dovenmuehle's response to Plaintiff's motion to remand suggests that the Court has federal jurisdiction over this case because supplemental jurisdiction exists in this matter. Dkt. No. 7, at 3. Dovenmuehle states that "Plaintiff argue[s] that the Court must remand this case to state court pursuant to 28 U.S.C. § 1447, but he does not address the Court's power and discretion to exercise supplemental jurisdiction over this case" pursuant to 28 U.S.C. §§ 1367(a) and (c). *Id.* Thus, Dovenmuehle seems to maintain that the Court may have jurisdiction over this case solely because it has the authority to retain purely state claims in certain circumstances. Under 28 U.S.C. § 1367(a), "in any civil action *of which the district courts have original jurisdiction*, district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a) (emphasis added). Dovenmuehle also refers to 28 U.S.C. § 1367(c)(3) in favor of federal jurisdiction, which provides that "district courts

may decline to exercise supplemental jurisdiction over a claim *under subsection (a)* if. . . the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3) (emphasis added). *See* Dkt. No. 7, at 3.

The Court finds that neither section of 28 U.S.C. § 1367 establishes federal jurisdiction in the instant action because the statute "presupposes that the district court obtained supplemental jurisdiction over the state law claims *via original jurisdiction* over federal claims arising from the same case or controversy." *Avitts,* 53 F.3d at 693 (emphasis added). The Court has already determined that Plaintiff's petition does not assert a federal question and therefore, the Court does not have original jurisdiction over this action. Accordingly, 28 U.S.C. § 1367 is inapplicable to this matter. *Avitts,* 53 F.3d at 693.

## IV. Fees and Costs

Plaintiff has requested that he be awarded costs and expenses incurred in responding to Dovenmuehle's Notice of Removal because Dovenmuehle "knew or should have known" that Plaintiff had not asserted a federal cause of action. Dkt. No. 5, at 3. When removal is found to be improper, the Court may award costs and expenses incurred as a result of such removal. 28 U.S.C. § 1447(c). "When removal was obviously legally defective, an award of costs is within the court's discretion." *Clulee,* 2001 WL 1471721, at *3 (quoting Teer v. Upjohn Co., 741 F.Supp. 1242, 1244 (M.D. La. 1990)). The Court concludes that Dovenmuehle's removal of this action was not so obviously legally defective as to warrant an award of costs and expenses to Plaintiff because it was arguably distinguishable from existing case law. *See Clulee,* 2001 WL 1471721, at *4 (declining to award costs and expenses to the plaintiff when the defendant's case differed from the facts asserted in *Avitts*). Accordingly, the Court denies Plaintiff's request to be awarded costs and expenses incurred as a result of removal.

## V. Conclusion

Based on the foregoing, the Court concludes that Plaintiff's petition does not present a federal question. Thus, the Court does not have original jurisdiction over this matter, and

no federal jurisdiction exists in this action. Therefore, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion for Remand. Dkt. No. 5. The Court **GRANTS** Plaintiff's motion as to his request to remand the case to the state court in which it was originally filed. The Court **DENIES** Plaintiff's motion as to his request to be awarded costs and fees incurred as a result of removal of this action.

Accordingly, the Court **REMANDS** this case to the 357th Judicial District Court in Cameron County, Texas.

DONE at Brownsville, Texas, on February 27, 2008.

Hilda G. Tagle
United States District Judge

-9-